

**IN THE COURT OF CRIMINAL APPEALS
OF TEXAS**

**NO. WR-84,065-01**

**EX PARTE FRANKLIN DAVIS, Applicant**

**ON APPLICATION FOR POST-CONVICTION WRIT OF HABEAS CORPUS
IN CAUSE NO. W12-12630-Y(A) IN CRIMINAL DISTRICT COURT NO. 7
DALLAS COUNTY**

*Per curiam*.

**O R D E R**

In November 2013, a jury found Applicant guilty of the offense of capital murder.

*See* TEX. PENAL CODE § 19.03(a). Based on the jury's answers to the statutory

punishment questions set out in Texas Code of Criminal Procedure Article 37.071, the

trial court sentenced Applicant to death.[1] On August 4, 2015, the State filed in this Court

its brief on Applicant's direct appeal. Pursuant to Article 11.071 §§ 4(a) and (b), and a

---

[1] Unless otherwise indicated, all references in this order to Articles refer to the Texas
Code of Criminal Procedure.

motion for extension filed pursuant to Article 11.071 § 4A, Applicant's initial application for a writ of habeas corpus was due to be filed in the trial court on or before March 16, 2016. *See Ex parte Davis*, No. WR-84,065-01 (Tex. Crim. App. Nov. 5, 2015) (not designated for publication).

It has been nearly five years since the application was due in the trial court, but this Court has not received the completed writ. On January 7, 2021, this Court received an advisory indicating that the trial court issued findings and conclusions in the case in May 2020. If, as the advisory indicates, the issues in the case have been resolved, then we order the clerk to immediately transmit the complete writ record to this Court. If, on the other hand, there are issues remaining to be resolved, we order the trial court to resolve those issues within 30 days from the date of this order. The clerk shall then immediately transmit the complete writ record to this Court. Any extensions of time shall be requested by the trial judge, or on his or her behalf, and obtained from this Court.

IT IS SO ORDERED THIS THE 13TH DAY OF JANUARY, 2021.

Do Not Publish